**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DAVID I. KENNEDY,

        Plaintiff-Appellant,

v.

MARTIN J. O'MALLEY, Commissioner
of Social Security,

        Defendant-Appellee.

No.   22-35866

D.C. No. 3:21-cv-05904-DWC

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
David W. Christel, Magistrate Judge, Presiding

Argued and Submitted December 5, 2023
Seattle, Washington

Before: N.R. SMITH, SANCHEZ, and MENDOZA, Circuit Judges.

David Kennedy appeals the district court's judgment affirming the

Commissioner of Social Security's denial of Kennedy's application for disability

insurance benefits under the Social Security Act (SSA). On appeal, Kennedy

contends that the Administrative Law Judge (ALJ) (1) improperly relied on an

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

examining psychologist who Kennedy alleges filed a false report in another disability case; (2) incorrectly applied the revised medical evidence regulations; (3) improperly discounted the examining physicians' medical opinions; (4) improperly discounted Kennedy's symptom testimony; (5) improperly discounted lay witness testimony; and (6) improperly assessed Kennedy's residual functional capacity (RFC). We have jurisdiction under 28 U.S.C. § 1291. "We review a district court's judgment de novo and set aside a denial of benefits only if it is not supported by substantial evidence or is based on legal error." *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022) (internal quotation marks omitted). We affirm.

1.     Kennedy challenges the ALJ's reliance on Dr. Pickett's psychological evaluation because Kennedy asserts that Dr. Pickett provided fabricated evidence in an unrelated social security case. However, Kennedy's allegation was unknown to the ALJ at the time of the hearing. Nevertheless, Kennedy argues that, because Dr. Pickett provided an unreliable evaluation in another case, the ALJ erred in relying on Dr. Pickett's evaluation. We disagree.

At oral argument, Kennedy admitted that he was aware of this allegation while the case was pending before the district court. Yet, he failed to make the argument to the district court. Thus, this issue is forfeited. *See Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006). Kennedy failed to present sufficient evidence to

2

establish that "manifest injustice" would result from our enforcement of the general waiver rule. *See id.* Notably, although Kennedy characterizes Dr. Pickett's other report as "fabricated," the ALJ in that case concluded that "the examiner appears to have made a mistake in identifying the claimant." Moreover, even assuming Dr. Pickett provided fabricated evidence in that case, Kennedy does not argue that Dr. Pickett provided inaccurate details in the present case;[1] thus, there is nothing in this record that shows Dr. Pickett fabricated evidence here.

Furthermore, Dr. Pickett's medical evaluation was consistent with the normal brain imaging study and Kennedy's evaluation by Dr. Lloyd. Thus, even if the issue were not forfeited and it were error for the ALJ to rely on Dr. Pickett, such error would be harmless. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

Kennedy also argues that the ALJ improperly relied upon Dr. Pickett's opinion because of her use of "intemperate language." This argument lacks merit. As the district court pointed out, "[u]se of emphatic language to

---

[1] Kennedy argued to the district court that the ALJ improperly relied on Dr. Pickett's medical opinion because "Dr. Pickett's intemperate language [showed] that she was not qualified to impartially evaluate Kennedy."

describe a claimant's malingering behavior is not a legitimate basis to reject a medical source under the regulations." Furthermore, as noted above, Dr. Pickett's evaluation was consistent with other evaluations.

2. The ALJ did not commit legal error in relying on the 2017 Amendment to the Medical Evidence Regulations. We recently upheld these regulations, noting that "[t]he Social Security Administration's 2017 medical-evidence regulations fall within the broad scope of the Commissioner's authority under the Social Security Act, and the agency provided a reasoned explanation for the regulatory changes, making the regulations neither arbitrary nor capricious under the APA." *Cross v. O'Malley*, No. 23-35096, 2024 WL 58389, at *5 (9th Cir. Jan. 5, 2024).

3. Substantial evidence supports the ALJ's discounting of the opinions of two examining physicians, Dr. Faria and Dr. Kaler. With regard to Dr. Faria, the ALJ accepted most of Dr. Faria's limitations, but discounted Dr. Faria's opinion with regard Kennedy's limitation to less than "light exertional level," because the objective medical evidence, including an EMG that "showed normal findings in the bilateral upper extremities," did not support Kennedy's subjective complaints.

With regard to Dr. Kaler, Dr. Kaler stated that Kennedy could not work for over a ten-year period without any explanation for that conclusion. Thus, the IJ

reasonably rejected Dr. Kaler's opinion as "neither inherently valuable nor persuasive." *See* 20 C.F.R. § 404.1520b(c), (c)(3)(i) (outlining that statements about whether a claimant is able to work are reserved for the Commissioner).

4.      Substantial evidence supports the ALJ's discounting of Kennedy's subjective complaints based on the "affirmative evidence" of malingering in the record. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1160 & n.1 (9th Cir. 2008). The ALJ noted that "[m]alingering and lack of objective findings to support his subjective complaints are repeatedly mentioned in the records," and outlined several statements from providers that provided affirmative evidence of malingering. The ALJ additionally noted that Kennedy's subjective complaints of pain were not supported by the objective medical evidence. *See id.* at 1161 ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony."). Further, the ALJ questioned the credibility of Kennedy's subjective pain complaints (ranging from 4-7/10 daily with flare ups of 10/10) based upon Kennedy's pain management, wherein he stopped taking his pain medication because "he forgot about it and wanted to give his body a break from medication." *See id.* at 1162 ("[A]lthough a conservative course of treatment can undermine allegations of debilitating pain, such fact is not a proper basis for rejecting the claimant's credibility where the claimant has a good reason for not

5

seeking more aggressive treatment."). Kennedy did not provide a good reason for not seeking further treatment despite his reports of severe pain where telehealth appointments and other forms of treatment were available during the Covid-19 pandemic.

5.     The ALJ did not articulate how he evaluated the statement of a Social Security Administration employee. However, an ALJ is "not required to articulate how [she] considered evidence from nonmedical sources" under the new regulations. *See* 20 C.F.R. §§ 404.1520c(d), 416.920c(d). Nevertheless, even assuming this was error, any error was harmless. *See Burch*, 400 F.3d at 679. Nothing in the statement about the employee's interaction with Kennedy would alter any of the ALJ's conclusions based upon objective medical evidence. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012).

6.     Substantial evidence supports the ALJ's RFC assessment. Kennedy's challenges to the ALJ's RFC assessment and step five analysis are based upon the previously addressed arguments and thus lack support. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175–76 (9th Cir. 2008) (rejecting claimant's step five challenge where she "simply restate[d] her argument that the ALJ's RFC finding did not account for all her limitations").

**AFFIRMED.**